## MYRTLE MAYS v. THE STATE.

### No. 7221. Decided November 22, 1922.

**1.—Aggravated Assault—Evidence—Bill of Exceptions—Threats.**

There was no error in the trial court's refusal to permit appellant's husband to testify that the prosecuting witness stated in his presence and that of his wife that she would kill appellant and another girl, there being no evidence of self-defense, or as to who began the difficulty.

**2.—Same—Evidence—Bill of Exceptions.**

There was no error in not allowing defendant to prove the reputation of the prosecuting witness as being that of a dangerous woman, the record not disclosing and demonstration or attack by the prosecuting witness upon defendant, and there was no justification for carrying the razor by defendant.

**3.—Same—Self-Defense—Charge of Court.**

Where, upon trial of aggravated assault, the evidence did not raise the issue of self-defense, and the testimony with reference to the use of an axe by prosecuting witness did not occur until after she had been cut by the razor in the hands of the defendant, there was no error in the court's failure to charge in self-defense.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.

The opinion states the case.

*Mays & Mays,* and *F. M. Chaney,* for appellant.—On question of reputation of prosecutrix: Reid v. State, 189 S. W. Rep., 483: Daniels v. State, 126 id., 1135.

On question of self-defense: Richardson v. State, 239 S. W. Rep., 218.

On question of threats: Harrington v. State, 53 S. W. Rep., 562; Lyons v. State, 71 Texas Crim. Rep., 189.

*W. A. Keeling,* Attorney, General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of prosecutrix's dangerous character: Roach v. State, 105 S. W. Rep., 202; Evers v. State, 20 id., 744; Brooks v. State, 5 id., 852.

On question of threats: Earles v. State, 106 S. W. Rep., 138; Dawson v. State, 155 id., 266; Hysaw v. State, 155 id., 952.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Tarrant County aggravated assault, and her punishment fixed at a fine of $250 and two years in the county jail.

From the evidence it appears that a group of negro women, among whom was prosecuting witness, were discussing various matters and that said prosecuting witness used language unprintable. Appellant suddenly came from her house which was not far distant, holding one of her hands under her apron. Some words passed between her and prosecuting witness, and appellant produced a black handled razor and proceeded to inflict serious injuries upon the person of said prosecuting witness. After a number of cuts and slashes had been made with the razor by appellant, the prosecuting witness broke away and ran for an axe which lay nearby, whereupon appellant took to her heels. Some of the witnesses indicated that prosecuting witness secured the axe and pursued appellant but never overtook her.

Appellant did not testify, and introduced as witnesses only her husband and one other witness, neither of whom was present as an eyewitness to the difficulty. Appellant's sister, the other witness referred to, testified that she saw the prosecutrix pursuing appellant with an axe and heard her say that she would kill appellant. This, however, seems to have been after prosecutrix had been cut with the razor as above stated.

Appellant's bill of exceptions No. 2 complains of the trial court's refusal to permit her husband to testify that the prosecuting witness stated in his presence and that of his wife that she would kill appellant and another girl. Threats made by the injured party only

become material when there is evidence sustaining the proposition that the assault charged was in the necessary self-defense of the accused or it becomes material to determine who began the difficulty. An examination of the statement of facts discloses no testimony of any demonstration or act on the part of the prosecuting witness which led up to or caused the attack upon her by appellant with said razor. In this state of the record the rejection of evidence of threats was not erroneous.

By two bills of exception appellant complains that she was not allowed to prove the reputation of the prosecuting witness as being a dangerous woman. Such reputation becomes material in this case only as affecting the question of some demonstration on the part of prosecuting witness which might have caused the action of the appellant upon which the offense in question is predicated. The record disclossing no demonstration or attack by the prosecuting witness upon appellant, in defense of which appellant acted, the evidence as to the reputation of prosecuting witness would become immaterial. An examination of one of said bills makes it appear that appellant wished to prove the bad reputation of said witness in order to account for the fact that she carried the razor with her out to the place where the difficulty occurred, but in our opinion such testimony would afford no justification for such carrying or the attack made by appellant upon the prosecuting witness.

We are unable to detect anything in the record upon which to base the special charge upon the law of self-defense, the refusal of which is also complained of. There is nothing in the testimony which shows any use or attempted use any axe by prosecuting witness until after she had been cut by the razor in the hands of appellant. Her subsequent use of the axe would be attributed to her own right of self-defense and could in no event serve as an excuse for any claim of self-defense on the part of appellant; and it is likewise true that a charge submitting the law with reference to threats has no place in the trial of one accused of any grade of assault unless there be some testimony of an effort on the part of the injured party to carry out such threat. There was no such evidence introduced on the instant trial and the special charge on the law, of threats was properly. refused.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*