**Albert K. GRIFFITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41397.**

Court of Criminal Appeals of Texas.

July 10, 1968.

D. C. Gandy, Fort Worth (Court Appointed), for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock, Wayne E. Roberts and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, twenty years.

Appellant's first ground of error is that the court erred in failing to sustain his motion in arrest of judgment because the indictment failed to allege that appellant did "then and there" and also that it failed to allege appellant acted with intent "to" then and there kill the injured party. We have examined the indictment and find it sufficient. McCoy v. State, 132 Tex.Cr. R. 45, 102 S.W.2d 206, cited by appellant relates to the court's charge and not to the sufficiency of the indictment. His first ground of error is overruled.

Appellant's second ground of error relates to his efforts to prove the reputation of the injured party. Such effort was made at a time prior to the time the defense of self-defense was injected into the case, and the court carefully explained to counsel that such evidence was not admissible at such juncture. The cases cited by appellant have no application in cases where the order of proof is as shown above. This ground of error is overruled. Mays v. State, 92 Tex.Cr.R. 621, 245 S.W. 245.

Appellant's next ground of error is that the court erred in permitting the State to cross examine appellant as to the nature of the prior offenses he had admitted have been convicted of in the past. In his direct examination appellant volunteered the information that he had been convicted of "a felony" on two prior occasions. Since appellant had volunteered the fragmentary information the State was authorized on cross examination to clear up the matter under the holding of this Court in Whittle v. State, 147 Tex.Cr.R. 227, 179 S.W.2d 569. This ground of error is overruled.

Appellant's last ground of error is his claim that the evidence is insufficient to show "malice aforethought", which was alleged in the indictment. The injured party and his witnesses' version of what occurred, which was accepted by the jury, was as follows: Initially, appellant addressed some opprobrious epithets toward the injured party's sister while she was in the area of the ladies rest room of a drive-in theater with a girl friend. When the injured party heard of this he came to the scene and made inquiry of the girls as to what had occurred. While he was talking to them the injured party's brother called out to him that appellant had a knife in his hand. Before he could turn to face appellant, he was cut along the waist line by appellant. It was clearly shown that a serious wound was inflicted by appellant from which the injured party would have died had he not received medical attention. Under our holdings in Johnson v. State, Tex.Cr.App., 421 S.W.2d 918; Sloan v. State, Tex.Cr.App., 409 S.W.2d 412; and Johnson v. State, Tex.Cr.App., 401 S.W.2d

837, the evidence is sufficient to sustain the finding that the wound was inflicted with malice aforethought.

Finding no reversible error, the judgment of the trial court is affirmed.