### J. T. GRAVES v. THE STATE.

*No. 2746.    Decided February 1.*

**Practice—Evidence.—A Bill of Sale** is an instrument of writing which is permitted and required by law to be recorded in the office of the county clerk. It is therefore such an instrument as comes within the provisions of article 2257 of the Revised Statutes, and may be read in evidence without proof of its execution, provided it has been filed among the papers of the cause at least three days before the commencement of the trial, and notice of such filing given to the opposite party or his attorney. The bill of sale relied upon by the State in this case was attested by a subscribing witness, but was not filed with the papers in the cause. The court permitted the State to prove the execution of the bill of sale by secondary evidence without first accounting for or explaining the non-production of the subscribing witness. *Held,* error.

APPEAL from the District Court of Bandera. Tried below before Hon. T. M. Paschal. ·

This conviction was for horse theft, and the penalty assessed by the verdict was a term of five years in the penitentiary.

The ruling involved in the opinion does not require a statement of the facts proved.

*Storms & Powell,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—On the trial in the court below the prosecution offered in evidence a bill of sale for the alleged stolen animal, which bill of sale the prosecution also proposed to prove by the witness Bostic had been executed to him, said witness, by the defendant, Bostic having testified that he had purchased the animal of defendant. The introduction and proof of this bill of sale was objected to by the defendant upon the ground that the same appeared to have been attested by one Henry Stucke as a witness, and that secondary proof of its execution was not admissible without accounting for that of the subscribing witness. The objection was overruled, and Bostic, the grantee in the bill of sale, was permitted to prove its execution, defendant promptly reserving an exception to the ruling. The same question here presented came up in

Morrow's case, 22 Texas Court of Appeals, 239, and it was held that " a bill of sale is an instrument of writing which is permitted and required by law to be recorded in the office of the county clerk. It is therefore such an instrument as comes within the provisions of article 2257 of the Revised Statutes, and may be read in evidence without proof of its execution, provided it has been filed among the papers of the cause at least three days before the commencement of the trial, and notice of such filing given to the opposite party or his attorney. Having failed to so file the bill of sale involved in this case, and to give due notice, the State was not entitled to introduce the same in evidence without proof of its execution. And said bill of sale having been attested by one M. as a subscribing witness, it was held that secondary evidence of its execution by one who was present and saw it signed by the vendor was not admissible until the non-production of the subscribing witness M. was accounted for or explained by the State." See Morrow's case, *supra,* and authorities cited, and also Willson's Crim. Stats., secs. 2507, 2483, 2497.

Other questions raised and elaborated in the brief of counsel for appellant will not be discussed, as they may not arise on another trial.

For the error above discussed the judgment is reversed and cause remanded.

　　　　　　　　　　　　　　　　　　　*Reversed and remanded.*

Hurt, J., absent.