## O. F. GOULD v. THE STATE.

### No. 879. Decided February 8, 1911.

**1.—Sunday Law—Evidence—Deed Records—Lease—Notice.**

Where, upon trial of a violation of the Sunday law by the owner of an amusement company, the State was permitted to introduce the deed records of the county showing the lease of the building to said company, over the objections of defendant, on the ground that he had been given no notice that said lease would be used in evidence, and that no copy of same had been filed in due time as required by law, the same was reversible error. Following Allison v. State, 14 Texas Crim. App., 402.

**2.—Same—Evidence—Certificate—Secretary of State.**

Upon trial of a violation of the Sunday law by the owner of an amusement company, there was no error in admitting in evidence a certified copy of a certificate of authority issued by the Secretary of State to said company.

**3.—Same—Information.**

Where, upon trial of a violation of the Sunday law, the information and complaint charged an offense under the law, there was no error in overruling a motion to quash.

**4.—Same—Evidence—Character of Building.**

Upon trial of a violation of the Sunday law there was no error in admitting evidence as to what was taking place in the building on the occasion charged.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $50.

The opinion states the case.

*Crawford, Walker & Williams,* for appellant.—On question of want of proof as to place of public amusement: Strong v. State, 52 Texas Crim. Rep., 133.

On question of introducing in evidence the deed record without

notice, etc.:   Peck v. Clark, 18 Texas, 239; Watters v. Parker, 19 S. W. Rep., 1022.

Upon question of introducing certificate of Secretary of State: Cesure v. State, 1 Texas Crim. App., 19; Persons v. State, 3 Texas Crim. App., 240; Loakman v. State, 32 Texas Crim. Rep., 561; Landa v. Obert, 45 Texas, 539; Tyson v. State, 14 Texas Crim. App., 388.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the information alleges that appellant, as agent and employe of the Interstate Amusement Company, a corporation which was then and there the proprietor of a place of public amusement, to wit: a theatre, situate in the city of Dallas, Dallas County, Texas, and he, the said O. F. Gould (appellant), as such agent and employe did then and there, on Sunday, unlawfully permit to be open said theatre for public amusement, and did permit a theatrical performance to be given on Sunday, to which a fee was charged for admittance, etc.

It being alleged in the information that the Interstate Amusement Company was the owner of the place, the only proof offered by the State on this point was to introduce the deed records of Dallas County showing a lease of the building to the Interstate Amusement Company. Appellant objected to the introduction of this record and this instrument, on the ground "that he had been given no notice that said copy of said lease would be used in evidence against him in this cause, and no copy of such lease had been filed with the papers in this cause for a period of three days, as required by law, prior to this trial."

As this lease is the only proof of the connection of the Interstate Amusement Company with the theatre shown to be open on Sunday, its materiality is apparent. In the case of Lasher v. State, 30 Texas Crim. Rep., 387, it is held that "the record books of the county clerk's office of recorded deeds, etc., can not be introduced in evidence to prove title, at least without notice to the adverse party." Article 764 of the Code of Criminal Procedure provides that "the rules of evidence prescribed in the statute law of this State in civil suits shall so far as applicable, govern also in criminal actions." Article 2312 of the Revised Statutes, among other things, provides that to render a deed admissible in evidence it must be filed in the cause wherein it is proposed to use it, at least three days before trial, with notice to the opposite party of such filing; and in Allison v. The State, 14 Texas Crim. App., 402, it is held that in default of such filing and notice the court properly rejected a deed offered in evidence. The execution of the instrument must be proven on the trial to render it admissible, or if a recorded copy is relied on, a copy must be filed with the papers at least three days before the trial

and the opposite party given notice. The instrument not having been proven upon the trial, and no copy is shown by the record to have been filed, it was error to admit the record copy of the lease.

There was no error in admitting the certified copy of the certificate of authority issued by the Secretary of State to the Interstate Amusement Company. Under our statute the Secretary of State is made the custodian of the archives of the State department, and he is required to give copies of records to any person applying for same, and it is expressly provided that such certified copies of certificates shall be received in evidence in all cases in which the original would be evidence. Rev. Stats., arts. 2306 and 2308.

The court did not err in overruling the motion to quash the information and complaint, as it charged an offense under the law, and the court did not err in admitting the testimony of the witnesses, Laws and Cullum, in testifying to what was taking place in the building on the occasion, but on account of the error hereinbefore pointed out the cause will be reversed and remanded.

*Reversed and remanded.*