PAULINE SPEERS V. THE STATE.

No. 4306. Decided December 6, 1916.

**1.—Disorderly House—Ownership—Deed—Certified Copy—Three Days Notice.**

Where, upon trial of keeping a disorderly house, the question of ownership of the premises was a contested issue, it was reversible error to permit the State to introduce in evidence the record of a deed to the defendant for said premises without having notified defendant in proper time and without procuring a certified copy thereof and filing it, and giving three days notice to defendant before the trial. The rule, of course, is different where the original deed is produced. Following Gould v. State, 61 Texas Crim. Rep., 195.

**2.—Same—Evidence—Hearsay.**

Upon trial of keeping a disorderly house, it was improper to admit in evidence testimony as to what others told the witness; although in the light of all the testimony, this was not reversible error.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where the evidence was direct, there was no error in the court's failure to give a charge on circumstantial evidence.

**4.—Same—Special Defense—Plea of Not Guilty—Charge of Court.**

Where, upon trial for keeping a disorderly house, the defendant pleaded not guilty, there was no error in the court's refusal of requested charges on special defenses, the charge of the court being otherwise sufficient.

**5.—Same—Charge of Court—Weight of Evidence.**

Upon trial of keeping a disorderly house, there was no error in the court's refusal to give a charge that the jury take into consideration the location of the alleged house, as this was a charge on the weight of the evidence.

**6.—Same—Evidence—Reservation District.**

Upon trial of keeping a disorderly house, there was no error in admitting testimony that the house in question was in the reservation district of the city, and the fact that others than prostitutes resided there, was a question for argument only.

Appeal from the County Court of Wichita.  Tried below before the Hon. Harvey Harris.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*T. R. Boone,* for appellant.—On question of deed records, etc.: Lasher v. State, 17 S. W. Rep., 1064, and cases cited in opinion.

On question of ownership of house:  Moore v. State, 53 Texas Crim. Rep., 559; Machem v. State, 53 id., 115.

On question of court's charge:  White v. State, 18 Texas Crim. App., 57.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of recorded deed:  Peay v. Pickett, 3 McCord, 318.

PRENDERGAST, PRESIDING JUDGE.—Appellant was prosecuted under article 500, Penal Code, the indictment alleging that she was the owner of a certain house situated in said county and that she did then and there unlawfully keep, and was concerned in keeping, and knowingly permitted to be kept, said house as a house of prostitution, where prostitutes were permitted to resort and reside for the purpose of plying their vocation.  She was convicted and her punishment assessed as fixed by the statute.

The question of ownership of the premises was a contested issue. At least it was necessary for the State to prove this.  A deed to her of comparatively recent date would tend strongly to prove her ownership. The State introduced various facts tending, and perhaps amply sufficient, to show this, without reference to the claimed deed to her of the premises.  However, over her objections, properly and timely made, the court permitted the State to introduce in evidence the record of a deed to her for said premises without having notified her the proper time in advance to produce the deed and without procuring any certified copy thereof and filing it and giving three days notice to her before the trial.  Our civil statute (Rev. Stats., art. 3700) provides that a certified copy of an executed and recorded deed can not be introduced in evidence unless the party who gives such instrument in evidence shall file the same among the papers of the suit in which he proposes to use

it at least three days before the commencement of the trial of such suit and give notice of such filing to the opposite party, or his attorney of record. This statute is applicable to criminal as well as civil causes. This action of the court was clearly material error against appellant. (Allison v. State,' 14 Texas Crim. App., 402; Gould v. State, 61 Texas Crim. Rep., 195.) Of course, if the original deed be produced, and its execution proven, then it could be introduced without being filed and notice given three days before the trial. What we have said is likewise applicable to any other deed or deeds to be introduced in evidence.

Appellant has another bill which we think presents error, and that is, to the effect that the witness Hinkley was permitted to testify as to what others told him, and he learned from the people around said house who occupied it, stating who this was. This was hearsay and should have been excluded. Under all the other testimony the admission of this would not have presented reversible error.

The court did not err in refusing to give a charge on circumstantial evidence as to appellant's ownership of said house, nor in permitting the same to be kept, etc. Such a charge would have been inapplicable and not required. Neither did the court err in failing and refusing to give appellant's said several special charges in effect enumerating the various facts tending to establish her guilt because, as claimed by appellant, these or any of them were her special defense. She had no special defense. Her plea was simply not guilty. The charge of the court affirmatively required the jury to believe all facts necessary to establish her guilt beyond a reasonable doubt before they could convict her, and gave the usual charge of reasonable doubt, etc. This covered all that was necessary on this point. Neither did the court err in refusing to give his charges to the jury not to take into consideration the location or situation of the house in question. This would have been a charge on the weight of the testimony. The fact, if so, that the testimony established that the house in question was in the "reservation district" was admissible in evidence. The fact that others than prostitutes might reside, or even own a home, in such district would be a matter of argument only.

For the errors above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, JUDGE, absent.