ROY BROCKMAN ET AL. V. THE STATE.

No. 13455. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 821.

The opinion states the case.

*John D. Reese* of McKinney, for appellant.

*A. A. Dawson,* State's Attorney of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for violating what is usually referred to as the "Sunday Law." The particular offense for which

appellants were prosecuted is defined in Art. 286 P. C.—eliminating the portions not applicable here—as follows:

"The proprietor of any place of public amusement, *or the agent or employe of any such person,* who shall * * * permit his place * * * of public amusement to be open for * * * for public amusement on Sunday, shall be fined," in the sums stipulated if an admission fee is charged.

There are six counts in the information. In the first, second, fourth and sixth Brockman and Nix are alleged to be offenders on different dates, and in the third and fifth Brockman and Padgett are alleged to be the offenders on other dates. In each count the parties are alleged to be "proprietor, agent and employee *of a place of public amusement,"* etc. which was kept open on Sunday and for admission to which an admission fee was charged.

The evidence fails to show that any of the parties were the proprietors of the place of amusement, which was a picture show.

So far as the information undertook to charge appellants as "agent or employee" it is defective in not naming the principal or proprietor; or if such party was not known to so allege. See Sec. 819, Branch's Ann. Tex. P. C. p. 463 and the authorities collated thereunder, and Gould v. State, 61 Tex. Cr. R. 195, 134 S. W. 695.

The state refers us to Ex parte Lingenfelter, 64 Tex. Cr. R. 30, 142 S. W. 555, for an indictment in the exact terms as found in this case. That was a habeas corpus case and the sufficiency of the indictment was not before the court. It will be observed from the opinion that it was agreed that Lingenfelter was the "proprietor" of the show. The present information would be sufficient to sustain a conviction of the parties as "proprietors" but the evidence took that issue out of the case. The same point here discussed was also decided in a companion case, No. 13,358, Brockman and Nix v. State, this day decided.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*