J. E. Abernathy, Co. Atty., and W. C. Dowdy, Asst. Co. Atty., both of McKinney, and A. A. Dawson, State's Atty., of Austin, for the State.

## HAWKINS, J.

Conviction is for violating what is usually referred to as the "Sunday Law." The particular offense for which appellants were prosecuted is defined in article 286, Pen. Code, eliminating the portions not applicable here, as follows: "The proprietor of any place of public amusement, or the agent or employee of any such person, who shall * * * permit his place * * * of public amusement to be open for * * * public amusement on Sunday, shall be fined," in the sums stipulated, if an admission fee is charged.

There are six counts in the information. In the first, second, fourth, and sixth Brockman and Nix are alleged to be offenders on different dates, and in the third and fifth Brockman and Padgitt are alleged to be the offenders on other dates. In each count the parties are alleged to be "proprietor, agent and employee *of a place of public amusement*," etc., which was kept open on Sunday and for admission to which an admission fee was charged.

The evidence fails to show that any of the parties were the proprietors of the place of amusement, which was a picture show.

So far as the information undertook to charge appellants as "agent or employee," it is defective in not naming the principal or proprietor; or, if such party was not known, to so allege. See section 819, Branch's Ann. Tex. P. C. p. 463, and the authorities collated thereunder, and Gould v. State, 61 Tex. Cr. R. 195, 134 S. W. 695.

The state refers us to Ex parte Lingenfelter, 64 Tex. Cr. R. 30, 142 S. W. 555, Ann. Cas. 1914C, 765, for an indictment in the exact terms as found in this case. That was a habeas corpus case, and the sufficiency of the indictment was not before the court. It will be observed from the opinion that it was agreed that Lingenfelter was the "proprietor" of the show. The present information would be sufficient to sustain a conviction of the parties as "proprietors," but the evidence took that issue out of the case. The same point here discussed was also decided in a companion case, No. 13358, Brockman & Nix v. State, 28 S.W.(2d) 820, this day decided.

The judgment must be reversed, and the cause remanded.

Roy L. BROCKMAN and Eddie NIX v. STATE.

No. 13357.

Court of Criminal Appeals of Texas.

May 21, 1930.

John D. Reese, of McKinney, for appellants.

J. E. Abernathy, Co. Atty., and W. C. Dowdy, Asst. Co. Atty., both of McKinney, and A. A. Dawson, State's Atty., of Austin, for the State.

## HAWKINS, J.

Conviction is for violating the "Sunday Law" by operating a picture show.

This is a companion case to No. 13455, Brockman, Nix and Padgitt v. State, 28 S.W. (2d) 821, this day decided. The questions are identical, and call for the same disposition.

The judgment is reversed, and the cause remanded.