## KLEEDEN et al. v. UNITED STATES.
### No. 5740.

Circuit Court of Appeals, Fifth Circuit.
Dec. 1, 1930.

W. J. Rogers, of San Antonio, Tex., for appellant.

John D. Hartman, U. S. Dist. Atty., of San Antonio, Tex.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

Appellants, Mark Kleeden and L. L. Donnell, having been found guilty of using the United States mails to defraud, and each having been assessed a fine, appealed from the judgment and sentence. Appellant Donnell alone seeks a reversal, his coappellant having paid his fine and abandoned his appeal.

It was charged that the appellant used the mails to induce persons to send him moneys upon the false representations and pretenses that appellant owned an undivided interest in a tract of land in the Spindletop oil field in Jefferson county, Tex.; that there was an oil well on the property which had been drilled to a depth below 3,800 feet; that he was then actually drilling the well deeper, and that, from the condition of other wells surrounding the tract in question, it could be reasonably expected that great profit would accrue to investors.

It was further specifically charged that "the money received by the defendants from the sale of the purported interest would not be used in drilling the well, but would be appropriated to their own use and benefit."

The two principal contentions of the government were that Donnell did not own the lease in question, and that there was no bona fide intention to drill on it.

In proof of their charge that the appellant did not own the lease in question, the government offered from the records of Jefferson county a transfer to Kleeden, as trustee for the Spindletop Gusher Syndicate, and a transfer from Kleeden to that syndicate. These instruments were admitted over the objection of appellant that they had not been properly proven because not the originals, and because certified copies thereof had not been filed in the cause in accordance with the statute authorizing substituted proof. To the action of the court in overruling the objection, exceptions were properly taken and preserved.

After the overruling of these objections, in his own behalf, appellant Donnell proved that Mark Kleeden and his wife owned about 96 per cent. of the stock of the Spindletop Gusher Syndicate, offered in evidence a contract with Kleeden covering the property in question, and testified that he believed that Kleeden had the right to contract for the property, and that he (Donnell) thought that by the instruments offered he had acquired the undivided interest in it, which in his literature he claimed to have.

He also emphatically denied any fraudulent intent; declared that he believed the property valuable, that it was his intention to develop it; that he would have developed it, but for the arrest and indictment, and offered to prove that after his arrest, unable to go forward with the work at the well, he procured his codefendant, Kleeden, to drill on the property. This testimony was upon the objection of the United States excluded, and the appellant reserved his exceptions.

The appellant also offered to prove by other witnesses that operations were in May or June begun on the well, which operations

continued up to the time of the trial, and that considerable money, between $20,000 and $25,000 was spent thereon; that the well had come in before the trial, and was at that time producing oil. This testimony was upon objection excluded, and appellant reserved his exceptions.

Four points are relied upon for reversal. Two of them charge error in the action of the court in refusing the special charges requested by appellant; two of them present error in the rulings of the court below on evidence, on the one hand, that the court erred in admitting the evidence offered against, on the other, in the rejection of the evidence offered by, appellant.

In the points made against the charge we find no reversible error in the action of the court, but we think the matter stands otherwise upon the admission and rejection of the offered testimony.

■ That the court erred in admitting in evidence over the objection of appellant the Jefferson county records, or certified copies thereof, without the United States having first complied with the statute authorizing such introduction, is settled by the authorities. Gould v. State, 61 Tex. Cr. R. 195, 134 S. W. 695; Speers v. State, 80 Tex. Cr. R. 421, 190 S. W. 164.

■ It may be gravely questioned whether appellant has not made the error harmless by offering as part of his proof an instrument signed by Kleeden individually and as president of the Gusher Syndicate. Whether so or not, we think it clear that appellant has been greatly prejudiced in his defense by the refusal of the court to admit the tendered evidence of the drilling and activities on the lease subsequent to appellant's arrest, and there must be reversal for this error.

In effect the court, by excluding all evidence of subsequent activities on the lease, permitted the date of the appellant's arrest to constitute a dead line beyond which the appellant was not permitted to go in an effort to establish his good faith. This evidence, under the peculiar facts of this case, we think not remote, but relevant and important.

The gist of the case against appellant, as stated in the indictment and as presented to the jury on the evidence and in the charge,

was that "none of the sums of money received by the defendants from the sale of the purported interest in this lease would be actually used in the drilling of oil wells, but on the contrary, would be appropriated and used by the defendants for their own private use."

It was charged that the scheme began on the 1st day of January, 1928. All the indictment letters were mailed about the 24th of February, 1928. In none of them was any date fixed when the drilling of the well would be completed. The arrest of appellant occurred on March 8, two weeks after the sending out of the first indictment letters.

In this state of the evidence, appellant contending before the jury that he had in good faith given the assurances that the well would be drilled and oil discovered, it was ruinous to his claim of good faith to permit his arrest on March 8, before the enterprise could possibly have come to fruition, to prevent his making full proof as to what was subsequently done.

The government's objections went not to the admissibility of the proof, but to the weight of it before the jury. As the appellant in his brief well puts it: "The defendant Donnell was entitled to have the evidence introduced for what it was worth. It was proper of course for the Government's counsel to urge before the jury, if they wished to, that the testimony was self-serving and untrue, or that the work would not have been done and no contract made by Kleeden to continue the drilling, had it not been for the indictment and arrest of both Kleeden and Donnell."

As the matter is left, however, by the ruling of the court, appellant was compelled to go to the jury without any affirmative evidence as to his intent really not to appropriate the moneys to his own use as charged, but to develop the property, except his own statements of what he intended to do and the proof as to what had been done on the property up to the time of the arrest, only two weeks after the indictment letters were sent out.

For the error in thus unduly limiting the testimony in a case where good faith was the paramount issue, the judgment of the court below must be reversed.