## J. S. LEMLEY v. THE STATE.

No. 19062.   Delivered June 2, 1937.
On rehearing May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Roy A. Scott*, of Corpus Christi, and *Dorothy Harrison*, of Austin, for appellant.

*Ben J. Dean*, District Attorney, of Breckenridge, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of arson, and his punishment was assessed at confinement in the State Penitentiary for a term of five years.

It was charged in the indictment, omitting the formal parts, that on or about the 27th day of August, 1935, J. S. Lemley did unlawfully and wilfully set fire to and burn the house of Rayford McNabb and W. P. McLean. The testimony shows that on the night of August 27, the appellant, Cleve Barnes, and a man by the name of Taylor went to the old E. Y. Jennings farm in Stephens County, Texas, and burned a house thereon situated which had been vacated by Mr. Oakley on the afternoon of said date. The State proved by J. W. Morrow, sheriff of Stephens County, that Rayford McNabb and W. P. McLean owned the land upon which the house was burned. Appellant objected to this testimony on the ground that it was oral and that the record would be the best evidence. If the title to the land had been in issue as in suits of trespass to try title, the rules of evidence as contended for by appellant would apply and the title papers would need to be produced or their nonproduction accounted for; but in the case of arson the title to the land is not a necessary issue to be adjudicated for the reason that one may have title to land and another may have the possession thereof in which event ownership may be alleged in either. Again a person may have title to land by inheritance or under the ten year statute of limitation in which event there would not be any title papers and proof of ownership would rest in parol. In the cases of Black v. State, 59 S. W. (2d) 168, and Nash v. State, 51 S. W. (2d) 689, this Court held that oral testimony regarding ownership and possession of property was receivable in arson cases. We therefore overrule the appellant's contention.

Appellant next complains of the introduction of certified copies of the deeds without being filed among the papers in the case for three days and notice given thereof. This is not regarded as showing any error because oral testimony offered by the State is deemed to be sufficient under the authority of Nash v. State, supra, to show that the burned house was the property of McNabb and McLean. The introduction of the certified copies of deeds became harmless.

Appellant next contends that the deed executed by the Collector of Internal Revenue conveying said property to the Fed-

eral Government and offered as evidence by him was sufficient to show the title to the alleged burned house to be in the Federal Government. His contention seems to be that such showing defeated the State's case. Said deed shows upon its face that the Collector of Internal Revenue by summary proceedings sought to divest E. Y. Jennings of the title to the land upon which the house was situated. Under the authority of Clayton v. Rehm, 2 S. W. 45, such deed of itself would not show title to the property to be in the grantee. We quote from the opinion as follows: " * *. * the deed of the tax collector, without proof of a compliance with all the requisites of the law necessary to call into exercise his authority to make the sale, is no evidence of title in the party claiming under it, * * *."

Appellant did not offer any proof that the Collector of Internal Revenue complied with all the law necessary to call into exercise his authority to make the sale. To have held that said deed was a conveyance of the title to the property would necessarily have been a finding by the court that such deed did pass title and that all necessary legal proceedings by the Collector had been complied with, without any proof in support thereof.

By bill of exception number one appellant complains because the State was permitted to prove that the appellant's codefendant, Cleve Barnes, was a brother to Laura McNabb. While this did not tend to elucidate any issue in the case, yet we do not see how any injury resulted to the appellant by showing his relationship to some good woman.

By bills of exception two and three appellant complains because the State was permitted to prove by A. W. Sechrist that after the house was set on fire appellant and Cleve Barnes ran away from the building; that after the officers had commanded them to halt and fired on them, Cleve Barnes shot at the officers with a shotgun. His objection to said testimony was that since appellant was not in possession of the shotgun, it was irrelevant, immaterial, and prejudicial. It occurs to us that it was a part of the res gestae. Appellant and Barnes were acting together in the commission of the offense. The act of one to prevent the apprehension of the other or both was admissible as a circumstance showing guilt. See Jackson v. State, 103 Texas Crim. Rep. 318 (326).

Bills of exception numbers four, five, six, and seven all relate to the introduction in evidence of the shotgun, which was carried by Cleve Barnes, and its exhibition before the jury. The testimony showed that appellant and his codefendant Barnes came to the premises armed for the purpose of resisting arrest and

making their escape in case they were detected in the commission of the offense. Hence the same was admissible.

We have examined and considered all of the other bills of exception but fail to find that any of them disclose reversible error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It was alleged in the indictment that the property burned belonged to Rayford McNabb and W. P. McLean. It was necessary for the State to prove said allegation. We quote from 4 Tex. Jur., Sec. 10, page 807:

"Arson is said to be directed more against the possession and occupancy than towards the ownership of the destroyed property. And, for the purposes of a prosecution for arson, the burned building is deemed to belong to the person who has the right of possession thereof. Title to and ownership of the property is rarely if ever in issue; nor will inquiry be permitted into the tenure or interest of the occupier or person in possession of the house, if in fact it was his dwelling."

Authorities are cited in the notes supporting the text. Article 402, C. C. P., provides in part as follows: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. * * *."

It has been held that said article has application in arson cases. Morgan v. State, 114 Texas Crim. Rep. 478, 22 S. W. (2d) 461; Phillips v. State, 17 Texas Crim. Rep. 169. Also, it has been held in many cases that the title to property not being involved in arson prosecutions that the ownership or possession of the property may be proved by parol. See the Nash and Black cases cited in our original opinion, and the many authorities referred to in Nash's case.

There is not one word of testimony to be found in the present record to the effect that either McNabb or McLean was ever in actual possession of the property burned, or ever exercised any control or management over it. The evidence does show that Oscar Oakley and his wife had been occupying the house; that they moved out the very day on the night of which day the house burned. If the Oakleys were tenants the evidence fails to show by whose authority they occupied the property. Mr. Oakley was not called as a witness and while Mrs. Oakley was a witness it was not sought to elicit from her the character of their occupancy. The house was vacant when it was burned, and the absence of evidence showing possessory control or management at any time of the property by the alleged owners led us into error in holding originally that the introduction of the record title by the State over appellant's objection was harmless.

We adhere to our former holdings that in arson cases the title to the property burned is rarely an issue, but in the present case the State evidently undertook—as it had a right to do—to prove ownership as alleged by a record title, and having attempted to do this the State was bound by the rules of evidence regarding the documents offered. The chain of title into McNabb and McLean was sought to be shown by certified copies of conveyances and other instruments which were of record in the deed records of Stephens County, Texas. Objection was interposed that said copies had not been filed and three days' notice given as required by Article 3726, R. C. S. The objection was overruled and the evidence admitted. This was error. Article 704, C. C. P., provides: "The rules of evidence prescribed in the statute law of this State in civil suits shall, so far as applicable, govern also in criminal actions when not in conflict with the provisions of this Code or of the Penal Code."

The following cases hold that under the provisions of Article 704, C. C. P., the requirements of Article 3726, R. C. S., are controlling in criminal cases: Gould v. State, 61 Texas Crim. Rep. 195, 134 S. W. 695; Speers v. State, 80 Texas Crim. Rep. 421, 190 S. W. 164; Allison v. State, 14 Texas Crim. Rep. 402; Graves v. State, 28 Texas Crim. Rep. 354, 13 S. W. 149. The certified copies should not have been admitted over the objection interposed and therefore should not be considered as any evidence of ownership in McNabb and McLean.

The only other evidence bearing upon the ownership of the property being in the parties named comes from the witnesses Howell and Morrow. Bill of exception number fourteen reflects that Mr. Howell, who was tax assessor and collector of Stephens

County, Texas, was asked by the district attorney to state if the property belonged to McNabb and McLean at the time it was burned. The witness answered that "the deed records show it belonged to Rayford McNabb and W. P. McLean." Objection was interposed that the testimony was oral and that the records themselves were the best evidence. The objection was overruled. The evidence should have been excluded because the answer of the witness showed that he was not testifying to facts within his knowledge, but speaking from what he understood the records to show. The records were the best evidence and Howell's evidence was hearsay as disclosed by his answer.

Mr. Morrow, sheriff of Stephens County, was asked by the district attorney the following question: "State whether or not Rayford McNabb and W. P. McLean owned this land on which the house was burned," and witness answered, "They did." The only objection urged to said testimony was that it was oral and the records were the best evidence. No questions were asked the witness to ascertain whether he based his answer upon facts within his knowledge or upon information. It was not sought to ascertain from the witness whether he knew of the alleged owners being in possession of the premises or exercising control over it. Appellant argues persuasively that Morrow, being a stranger to the title, was of necessity basing his answer upon what he had learned from others, and that his testimony could be nothing but hearsay and should be given no probative force. Unless the witness knew of his own knowledge that the alleged owners had been in possession or exercised control over the property it is difficult to conclude that his testimony was other than hearsay, yet it being permitted in cases of arson to prove ownership—possession or control—by parol evidence, we do not feel authorized to hold as a matter of law that the witness' evidence was not admissible. To do so we would have to conclude that his testimony was hearsay from the mere facts before us. It was within the power of appellant to have elicited information from the witness which would have placed the question beyond dispute.

With the record in the condition heretofore indicated on proof of ownership in McNabb and McLean appellant introduced a deed to the property on which the burned house was situated from the Internal Revenue Collector to the United States, purporting to be in satisfaction of income taxes due the grantee for the years 1919 and 1920, which deed was executed in 1929. Appellant takes the position that said deed shows that the United States owned the property in question, and defeats the averment in the indictment that it belonged to McNabb and

McLean at the time the house was burned. Appellant contends that the trial court—because of the deed last mentioned—should either have instructed a verdict of not guilty, or have charged the jury to acquit if they found the property belonged to the United States at the time the house was burned.

In discussing this question in our original opinion we based our statement on what had been said by our Supreme Court regarding tax deeds under our own statutes at the time the opinion was rendered in Clayton v. Rehm, 2 S. W. 45, and other cases. Our attention at that time had not been directed to the statute of the United States on the subject. It may be stated at this point that there is no evidence in the record that the United States Government ever took possession of the property in question under the deed mentioned or ever exercised or attempted to exercise any control over the property. In this respect the record is as silent as it is regarding any act of possession or control by those alleged by the State to be the owners. It is not our purpose here to construe the effect of the tax deed in question. Evidence may be available which would show that the Government did not become the owner by virtue thereof, but it is not found in the present record and in view thereof we should call attention to the United States statute upon the subject. After providing in detail the steps necessary to fix a lien upon the real estate for taxes due the Government, and the notices required in the sale of such property, Section 1604, U. S. Code Annotated, Vol. 26, R. S., U. S., (Secs. 3197, 3198 and 3199) provide as follows:

" * * * In case real estate shall be declared under section 1601(e) to be purchased for the United States the officer shall * * * at the proper time, as provided in subsection (b), execute a deed therefor after its preparation and the endorsement of approval as to its form by the United States district attorney for the district in which the property is situate, and * * * without delay cause the same to be duly recorded in the proper registry of deeds, and immediately thereafter transmit such deed to the Commissioner (R. S., Sec. 3197, Mar. 1, 1879, c. 125, sec. 3, 20 Stat. 332.) * * * The deed of sale given in pursuance of this section *shall be prima facie evidence of the facts therein stated, and* * * * if the proceedings of the officer as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real estate thus sold at the time the lien of the United States attached thereto. (R. S. Sec. 3199.)"

The tax deed mentioned appears to recite every precedent material fact requisite under the statute. In Cooley on Taxation, Vol. 4, page 3029 (4th ed.), is found the following:

"If the tax-deed is made prima facie evidence of the regularity of all the proceedings, and of title in the purchaser, this affects an entire change in the burden of proof, relieving the purchaser thereof and casting it upon the party who would contest the sale. The purchaser is no longer under the necessity of showing the correctness of the proceedings, but the contestant must point out in what particular he claims them to be incorrect. The power to enact such laws has been denied in argument, but the decisions fully sustain them. These decisions are that the statutes take away no substantial rights; they only regulate the order of proceeding in the legal tribunals, in exhibiting the evidence of substantial rights, and they rest on the solid foundation of the supreme authority of the legislature over the whole subject of evidence; an authority which is only exceeded when the legislature, going beyond all bounds, undertakes, under the pretense of prescribing rules of evidence, to divest rights without opportunity for a hearing. In the note below are collected many cases bearing upon tax-deeds which have by statute been made prima facie evidence, or which contain recitals that the statute requires to be taken as true until the contrary is shown."

Many authorities from various States are cited in notes under the quoted text. We do not find where the Supreme Court of our own State has construed the effect of the United States statutes regarding tax deeds, but do call attention to the holding of our Supreme Court regarding similar statutes in our own State. Article 1059, R. S. (1925), provides that the deed of a city tax collector shall be *"prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs and assigns to the premises." In Earle v. City of Henrietta, 91 Texas 301, 43 S. W. 15, the Supreme Court said:

" * * * The levy of the tax having been proved by the production of the ordinance of the city council, and the deed otherwise being admissible, and admitted, the statute gives it the effect of proving a prima facie case for the plaintiff, because with the proof of the levy, and the presumptions arising upon the deed, under Article 518 (Art. 1059), the party claiming under the deed would be entitled to recover the property conveyed unless the opposing party should show some reason for avoiding the conveyance. *It was the intention of the legislature* to prescribe that, in order to defeat the case made by the deed as

prima facie evidence, *'the person claiming adverse to the title conveyed by such deed' should disprove one of the facts prima facie established by the deed."*

For construction of a similar statute see Wright et al. v. Giles, 129 S. W. 1163.

The court properly charged the jury as follows: "You are instructed that before you can find the defendant, J. S. Lemley, guilty of the offense as charged in the third count of the indictment, you must find and believe from the evidence beyond a reasonable doubt, that the property was owned by Rayford McNabb and W. P. McLean; and unless you do so find, then you will find the defendant not guilty."

We revert now to the error in admitting the certified copies of the conveyances relied on to show ownership in McNabb and McLean. In view of the record we are convinced that we can not properly hold that such evidence was harmless. If it be conceded that Howell's and Morrow's testimony was admissible as against the objections urged, it is impossible to measure the importance which the jury may have attached to said certified copies of the conveyances erroneously introduced. The jury may have sensed the weakness of Howell's and Morrow's evidence on the question of ownership in the absence of any facts testified to by them upon the point of possession and control over the property by the alleged owners, and may have based their finding of ownership on the conveyances improperly before them.

For the reasons given we are constrained to grant appellant's motion for rehearing, set aside our judgment of affirmance and now reverse and remand the judgment of the trial court.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After re-examining the record in the light of the State's motion for rehearing we are constrained to adhere to the conclusion expressed in the opinion reversing the judgment of the trial court.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.