**Billy Lee JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41456.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 23, 1968.

Maloney, Milner & McDowell by Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Douglas D. Mulder, Curtis D. Glover, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault to rape; the punishment, 99 years.

█ Appellant's first two grounds of error relate to his claim that the present trial twice placed him in jeopardy for the same offense. His claim is that the court erred in failing to sustain his motion to quash the indictment and further erred in failing to submit the question of jeopardy to the jury in his charge. While appellant had been acquitted of the offense of burglary of a private residence at night with intent to commit the offense of rape it does not mean that he may not later be prosecuted for the offense of assault with intent to rape growing out of the same transaction. Articles 1399 and 1400, Vernon's Ann.P.C., provide as follows:

"Art. 1399. Offenses committed after entry.

If a house be entered in such manner as to be burglary, and the one guilty of such burglary shall after entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed."

"Art. 1400. Felony committed after entry.

If the burglary was effected for the purpose of committing one felony, and the one guilty thereof shall while in the house commit another felony, he shall be punishable for any felony so committed as well as for the burglary."

In construing these statutes, Judge Hawkins, in Thompson v. State, 99 Tex.Cr.R. 470, 269 S.W. 1048, said:

"It is well settled that, if such a plea (of jeopardy) is good in law, when the facts therein alleged can be established, it is error to refuse to submit the question to the jury. It is equally well settled, if conceding the facts averred to be true, the plea * * * would not be good in law the court may overrule it and decline to submit it to the jury."

See also Cloninger v. State, 101 Tex.Cr.R. 1, 274 S.W. 596.

█ Appellant's third ground of error is that there is no specific showing of an intent to commit rape. The injured party testified that appellant said to her "I am going to assault you", that he then tore off her dress, pulled her to the floor, "took his own nasty self out of himself", and then rubbed his "own nasty self" on her private parts. She further testified that her private parts thereafter swelled up. The arresting officer testified that appellant fled the injured party's house with his "fly" open and his belt unhooked and that after being apprehended his "fly" and belt were in the same condition—open. The evidence was sufficient to show an intent to commit rape. Shields v. State, Tex.Cr.App., 402 S.W.2d 761.

█ Ground of error number four is that the court erred in admitting into evidence appellant's prior convictions because copies of the prior convictions had not been delivered to him prior to the trial. Lemley v. State, 135 Tex.Cr.R. 148, 117 S.W.2d 435, cited by appellant, is not applicable because it involves the use of civil records to show ownership of property involved in a criminal prosecution. This Court has recently resolved the same issue against appellant's contention in Denham v. State, 428 S.W.2d 814.

█ Though not raised in his brief filed in the trial court or here, appellant objected to the introduction of the records of his prior convictions on the grounds that it was not shown that he was represented by counsel. We here observe that for one to secure a favorable holding under Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, it is necessary that a showing of indigency be made. None was made in the case at bar.

Appellant's next two grounds of error relate to the introduction into evidence of the records of the Federal Correctional Institution at Texarkana regarding appellant's conviction for murder by a court-martial. We first note that the records introduced were certified as true and correct copies by the custodian of records at said institution and were properly notarized. The use of such records in proving a *prior conviction of an accused has been* many times approved by this Court. Warden v. State, 366 S.W.2d 786, cert. den. 375 U.S. 886, 84 S.Ct. 162, 11 L.Ed.2d 116.

Appellant's contention that court-martial proceedings are not final convictions in courts of record, and thus not admissible in the instant case, have been determined against him by the United States Court of Appeals for the Third Circuit in United States ex rel. Thompson v. Price, 258 F.2d 918, cert. den. 358 U.S. 922, 79 S.Ct. 295, 3 L.Ed.2d 241.

Appellant's counsel stated in argument that the injured party had testified that pictures were taken of her at the scene. An examination of her testimony reveals that she was confused by the commotion and actually thought pictures had been taken while the assault was in progress. State's counsel stated in his argument *that if any pictures had been made of* the witness they would have been made available to the jury. Upon objection, the State asked to withdraw the statement and the court instructed the jury not to consider the same. The argument which he contends was an indirect allusion to his failure to testify was clearly in answer to argument made by appellant's counsel. We fail to find reversible error reflected by the above and hold that the court did not err in declining to grant a mistrial.

His last ground of error is that the taking of his fingerprints solely to connect him to the prior convictions introduced at the penalty hearing violated his constitutional rights against self-incrimination under the Fifth Amendment to the United States Constitution. This question has been decided adversely to appellant's claim by this Court in Harrington v. State, 424 S.W.2d 237.

Finding no reversible error the judgment of the trial court is affirmed.