C. C. Scitern v. The State.

No. 5679.  Decided March 17, 1920.

1.—Assault to Rape—Motion to Quash—Presumption—Change of Venue.

A motion to quash the indictment comes too late when made for the first time in the Court of the County to which the venue has been changed, following Fitzgerald v. State, recently decided, and other cases. It must be presumed that the motion to quash was overruled by the operation of law at the end of the term; moreover, the indictment is good and the contention that it fails to allege that the injured party was a female is not well taken.

2.—Same—Evidence—Rule Stated—Discretion of Court.

It is a well-known rule that in cases of this character witnesses are reluctant to describe fully the treatment they have received and to freely mention the facts and therefore, the trial courts have large discretion, and there was no error in the manner of the examination of prosecutrix by the State's counsel. Following Harris v. State, 37 Texas Crim. Rep., 441, and other cases.

3.—Same—Evidence—Declarations of Prosecutrix.

Upon trial of assault with intent to rape, the prosecutrix should not have been permitted to testify that she and other children hid in the buggy shed because they were afraid of the defendant, who drove up in a buggy to the house of prosecutrix's mother sometime after the alleged assault, and the same was not res gestae. Following Reddick, 35 Texas Crim. Rep., 463, and other cases.

4.—Same—Conduct of District Attorney.

Where, upon trial of assault with intent to rape, the State's attorney travelled outside of the record and made a statement tantamount to saying that the fact asked for by his question and objected to by the attorney for the defendant was the truth and that the counsel for defendant knew it and did not want the truth to come out, the same was reversible error. Following Kemper v. State, 63 Texas Crim. Rep., 6, and other cases.

From the District Court of Hopkins. Tried below before the Honorable William Pierson;

Appeal from a conviction of assault with intent to rape; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Sheppard* and *Mahaffey, Keeney & Dalby*, for appellants.

On question of insufficiency of the evidence: Thompson v. State, 200 S. W. Rep., 168; Blair v. State, 60 Texas Crim. Rep., 363.

On question of motion to quash: Gibson v. State, 17 Texas Crim. App., 574.

On question of conduct of State's counsel: Goodsoe v. State, 52 Texas Crim. Rep., 627, and cases cited in opinion.

On question of declarations of prosecutrix: Brod v. State, 179 S. W. Rep., 1189; Beesing v. State, 180 S. W. Rep., 256; Morgan v. State, 62 Texas Crim. Rep., 120.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

On question of examination of prosecutrix: Campbell v. State, 62 Texas Crim. Rep., 562; Graham v. State, 73 id., 31; Marion v. State, 80 id., 480.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hopkins County, of the offense of assault with intent to rape, and his punishment fixed at confinement in the penitentiary for a term of four years.

The case originated in Franklin County, and the venue was changed to Hopkins County, the date of the order of transfer being March 13, 1919. When the case was called for trial in Hopkins County, at the August term of the Court, a motion to quash the indictment was made. No order of the court on this motion appears in the record, but it is stated in a bill of exceptions, that said motion was overruled. The presumption, in the absence of any order, would be that the same was overruled by operation of the law at the end of the term.

The motion to quash came too late. It is essential that such motions should be presented and disposed of before the venue is changed. Art. 630, C. C. P.; Fitzgerald v. State (decided at the present term); Goode v. State, 57 Texas Crim. Rep., 220; Vance v. State, 34 Texas Crim. Rep., 395. However, we think the indictment sufficient, and that appellant, in his assumption that the same fails to allege that the injured party was a female, is mistaken. The direct allegation is as follows: "did then and there unlawfully in and upon Lois Reaves, a female, make an assault with the intent then and there," etc.

It is shown by Bill of Exceptions No. 2, that by leading and suggestive questions, the State's attorney was permitted to elicit from prosecutrix, the statement that appellant placed his hand upon her private parts. In this connection, it was shown that prosecutrix was a girl thirteen years of age at the time of giving her testimony, and that in her general statement to the jury of the occurrence, she said that appellant had her on his lap, laid her on the grass beside him, and unbuttoned her panties. Further on, she was asked questions, to which objections were interposed, and no answers given, but in that connection, she was asked, "State whether or not he put his hands under your clothes," and she answered, "Yes." "Q. Now, then, where all did he put his hands? A. He put them around my waist and had them under my pants. Q. You know what your private parts are there, don't you? A. Yes, sir."

Several questions were then asked, to the form of which objections were made, and no answers given by the witness; and then the

following question was asked: "Just state exactly where he put his hands. A. He put them about my privates."

The authorities cited by appellant in support of his objection to these questions, all of which are contained in the one bill of exceptions, are applicable to the facts of their cases, but it is a well known rule that in cases of this character, witnesses are reluctant to describe fully the treatment they have received, and to mention freely those facts necessary in order to develop the case, and in such instances, we have hesitated to override the large discretion of the trial courts in such matters. Especially is this true in the cases of children, whose tender years and lack of familiarity with courts, would likely cause them to withhold evidence, unless their attention be called pertinently to the matters sought. Harris v. State, 37 Texas Crim. Rep., 441; Campbell v. State, 62 Texas Crim. Rep., 562; Graham v. State, 73 Texas Crim. Rep., 31. We do not think this contention of appellant well founded.

Prosecutrix testified that appellant came to her mother's house some time after the alleged assault; that he drove up, and stopped his buggy and looked around. She was then asked as to where she was at that time, and stated, over objection, as follows: "We hid in the buggy shed." A further question was asked as to where she was, and objection made thereto, which was overruled. Witness answered as follows: "In the buggy shed. We hid from him because we were afraid of him."

Upon what theory of the State this evidence was offered, we are unable to perceive. No such mental condition, or condition of excitement, or continuity of attitude of prosecutrix, was shown frcm the time of the assault up to the giving of this testimony, which would justify its admission under the rule of *res gestae*. If it was admitted under the idea that it was in the nature of an outcry for the prosecutrix to testify that the first time she saw appellant she and the others with her went and hid because they were afraid, we would call attention to the Reddick case, 35 App., 463; 34 S. W. Rep., 274, in which this Court held it improper to prove that prosecutrix fainted when she came into the presence of appellant, overruling the Bruce case, 31 Texas Crim. Rep., 590, in which it was held admissible to prove that the prosecutrix shuddered when she came into the presence of appellant. No other witness testified to this hiding and fear on the part of the prosecutrix, and there is nothing before us which would show such evidence to be admissible.

By another bill, error is urged in the following matter: The State asked prosecutrix: "How close was his body to your body?" To which question the witness answered, "I was lying on the ground right by the side of him." The bill of exceptions then contains the following: The district attorney then remarked: "When he got over on top of you—when he got over you?" To this appellant objected, as suggestive, and the witness had not testified that he got over on top of her; that this case should be tried as any other, and that such

questions were asked for the sole purpose of endeavoring to create prejudice in the minds of the jury. When this objection was made, it appears from the bill that the State's attorney then said: "I will state this, your Honor; I am not doing this, and Mr. Sheppard's words to the contrary notwithstanding, it is not so for the purpose of creating any prejudice against the defendant but I will state this that he is raising objections here simply for the fact that he don't want the truth to come out and he knows what I am after." This seems tantamount to a statement by the State's attorney that the fact asked for by said question so objected to, was the truth, and that counsel for appellant knew it, and did not want the truth to come out.

We have often upheld such statement of matters outside the record, when made by State's attorneys, improper, and that if the language be calculated to injure, we would not speculate as to the amount of the injury. Derrick v. State, 80 Texas Crim. Rep., 10, 187 S. W. Rep., 759; Marshall v. State, 76 Texas Crim. Rep., 386, 175 S. W. Rep., 154; Sarli v. State, 80 Texas Crim. Rep., 161, 189 S. W. Rep., 149; Kemper v. State, 63 Texas Crim. Rep., 6.

In view of the fact that this case will have to be reversed for the reasons mentioned, we forego a discussion of the sufficiency of the evidence.

The charge of the court was a substantial presentation of the law as applied to the facts.

For the errors mentioned, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*