JOHN DOUGLAS JARVIS V. THE STATE.

No. 23287. Delivered February 27, 1946.

The opinion states the case.

*John Davenport* and *Shields Heyser*, both of Wichita Falls, and *Will Mann Richardson*, of Austin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of robbery; the punishment, twenty-five years in the penitentiary.

About 4:30 o'clock the afternoon of March 6, 1945, Captain Quinn, of the armed forces, and a companion, Mrs. Norvell, were seated in a parked automobile along a paved highway near Wichita Falls. According to the testimony of the captain and Mrs. Norvell, the appellant came to the car claiming that his car—some distance down the highway—was out of gas. He sought assistance. The captain agreed to help him. Appellant then produced a pistol, ordered the occupants out of the car, and demanded the captain's pocket-book. After the captain had

gotten out of the car, appellant struck him over the right eye with the pistol, inflicting a wound from which the blood flowed "very profusely." The captain then delivered to appellant his pocket-book containing $480.00 in cash. Appellant then struck the captain across the bridge of the nose with the pistol, causing a small cut and the pistol to fire. Mrs. Norvell was ordered out of the car, whereupon the appellant drove away in it. The injured parties made their way to a nearby house where the robbery was reported and a description of the robber given to the officers.

On March 20, 1945, or two weeks after the robbery, the injured parties were called to the office of the district attorney to view some suspects under arrest, among which was the appellant. The appellant was identified by both the captain and Mrs. Norvell as the robber. They each identified him as such upon the trial of the case. It appears that at the identification in the district attorney's office, the captain was first called upon to view the suspects. He then left the office of the district attorney as Mrs. Norvell went into the office. In this connection, the captain testified that, as Mrs. Norvell left the office after having viewed the suspects, she fainted. Mrs. Norvell also testified to the fact that immediately after she left the district attorney's office after having seen and identified the appellant as the robber, she fainted.

The appellant testified as a witness in his own behalf, and denied his guilt. He testified to an alibi, in which defense he was supported by other witnesses. His identity as the robber was a definite issue under the facts.

A pivotal and decisive question before us goes to the receipt in evidence of the testimony of the captain and Mrs. Norvell that she fainted immediately after she left the district attorney's office after viewing and identifying the appellant as the robber.

This testimony was objected to as being hearsay and prejudicial, and as constituting acts and conduct of third parties out of the presence of the appellant.

Proof of the fact that Mrs. Norvell fainted was made by the State, as original evidence. It was not offered as, or did it come within the meaning of, impeaching testimony. There was no effort to show that she had charged someone else with the rob-

bery, or that her testimony was recently fabricated, or that she testified under the influence of improper motive.

So the question thus presented for our determination is whether, under the facts here presented, the State was authorized to make proof of the fact that Mrs. Norvell fainted at the time and under the circumstances mentioned.

The State's testimony shows an assault upon both of the injured parties, although no actual violence was applied or used toward Mrs. Norvell. The robber pointed the pistol at her and demanded her purse but made no effort to take it by force.

It is insisted that proof of the fact that Mrs. Norvell fainted could be utilized by the jury as corroborative of her identity of the appellant as the robber—this upon the theory that the sight of the robber brought vividly to her mind the scene of the robbery, the assault and blood, causing her to be so emotionally upset as to faint.

We are cited to two cases where proof of the fact, as original evidence, that the prosecutrix in a rape case fainted after viewing her assailant, was held to be reversible error. These are Reddick, 34 S. W. 274, 35 Tex. Cr. R. 463, and Turman v. State, 95 S. W. 533, 50 Tex. Cr. R. 7.

In Reddick's case, it was said:

"* * * the reception of this testimony was calculated very powerfully to induce the jury to believe that, because the prosecutrix fainted on recognizing the defendant one or two days afterwards, therefore he must have been the man."

In Turman's case, it was said:

"That prosecutrix fainted or screamed when she first saw defendant and identified him, a day or two after the alleged occurrences, might be regarded by the jury as a very cogent circumstance corroborative of her identification; but it was illegal testimony, and should not have been admitted against him. It was the act of a third party for which he was in no wise responsible, and was not proper evidence of identification, was of an affirmative character, and injurious."

To the same legal effect is the holding in Scitern v. State, 219 S. W. 833, where, in a case of an assault with intent to rape

a child, it was held error to permit proof, as original evidence, of the fact that the child "hid in the buggy shed" when she saw the accused after the alleged assault, because she was afraid of him.

In the Reddick and Turman cases, as in the instant case, the identity of the accused was an issue under the facts. Such, however, does not appear to have been an issue in the Scitern case. In the cases cited, as well as that here presented, an assault was an integral part of the offense charged and shown under the facts.

It being error to show that the prosecutrix fainted, as this court held in the cases cited, we are unable to say that proof of such fact in the instant case was not error. We are unable to perceive a legal distinction under the several fact-situations.

The conclusion is reached, therefore, that proof of the fact that Mrs. Norvell fainted—under the facts and circumstances mentioned—was error, and of such a character as to require a reversal of the conviction.

In view of the reversal, we pretermit a discussion of the bills of exceptions complaining of argument of State's counsel, as same will not likely arise upon another trial.

For the error pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.