**Huah Lee JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39616.**

Court of Criminal Appeals of Texas.

May 11, 1966.

Charles W. Tessmer, Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Tom F. Reese, Jr., Charles L. Caperton and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is felony theft with a prior conviction for felony theft alleged for enhancement. The punishment was assessed at ten years.

Lizzie Jones testified that while sitting in White's store during the installation of seat covers on her automobile, she saw two men enter the store together; that while one of the men talked with a salesman in the store the other man took a small television set and placed it under the coat he was wearing, left the store, and entered a car parked in front of the store and hurriedly drove away, and the other man remained in the store; that she told a salesman what had happened and the license number of the car driven away was obtained; and while testifying on the trial she identified the appellant as the man who took the television along with another article and left the store. The man with the appellant was still in the store when the officers arrived.

Noel Watts, manager of White's store, testified that after a customer, Mrs. Jones,

told him that a man had taken a small television from the store, that he took an inventory and found that a small television and a charger were missing from the store, that he had the care and control of the television and charger which were of over the value of fifty dollars and they were taken without his consent.

Proof was offered of the prior conviction for felony theft as alleged and of appellant's identity as being the same person so convicted. This method of proof was made in accordance with that approved by the court in Broussard v. State, Tex.Cr.App., 363 S.W.2d 143. Kizer v. State, Tex.Cr.App., 400 S.W.2d 333.

The appellant did not testify but called several witnesses who testified that at the time of the commission of the primary offense in Dallas, the appellant was in Terrell and could not have committed the primary offense alleged.

The evidence is sufficient to support the conviction.

It is insisted that the trial court erred in permitting the reading of the allegations charging the prior conviction and making proof thereof before the jury trying the appellant for the primary offense, over his timely objections that it was prejudicial, deprived him of a fair trial and of due process of law.

This contention has been previously urged, considered, and rejected by this Court. Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393; Taylor v. State, Tex.Cr.App., 398 S.W.2d 559; and cases cited.

There was no offer to stipulate as to the prior conviction alleged for enhancement.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.