**Earl Gene TOMLIN, Appellant,**

v.

**Dr. George BETO, Director, Texas Department of Corrections and the State of Texas, Appellees.**

**No. 23394.**

United States Court of Appeals
Fifth Circuit.

May 12, 1967.

---

I.  Another aspect of the petition was reserved for hearing at another time and is not here involved.

Clyde W. Woody, Houston, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., for appellees.

Before WISDOM, COLEMAN, and GODBOLD, Circuit Judges.

PER CURIAM:

■ The petitioner's primary contention is that the procedure for establishing recidivism under the Texas Punishment Enhancement Statutes (Habitual Offender Acts) is unconstitutional. Tomlin argues that the procedure violates the due process clause of the Fourteenth Amendment in that, through the indictment and evidence of prior convictions, the state informs jurors of such convictions before they determine his guilt of the primary offense. The Supreme Court has now settled this issue adversely to petitioner. Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

■ Tomlin also contends that in several respects the state's method of proving the identity of the defendant as a recidivist violates due process. (1) The records introduced to prove his prior convictions were certified by the Texas Department of Corrections rather than by the clerk of the convicting court. According to Texas procedure, the Clerk of Court sends a certified copy of the sentence and judgment of conviction to the prison, where photographs and fingerprints are added to the file. Through these photographs and fingerprints the recidivist can be identified as the same person previously convicted. While it is true that the prison authorities do not have custody of the originals of the sentence and judgment of conviction, they are in possession of *certified* copies. We think that the prison authorities' certification, based on these copies, is not so unreliable as to infect a conviction with constitutional invalidity. This practice has been upheld in Robinson v. State of Texas, 1956, 163 Tex.Cr.R. 499, 293 S.W.2d 781, Spencer v. State of Texas, 1957, 164 Tex.Cr.R. 464, 300 S.W.2d 950, and Mullican v. State of Texas, 1959, 167 Tex.Cr.R. 563, 322 S.W.2d 284. (2) Tomlin asserts that this method of proof amounts to hearsay and denies his right of confrontation. Official records are a well recognized exception to the hearsay rule. Reed v. Beto, 5 Cir. 1965, 343 F.2d 723. The right of confrontation of witnesses is inapplicable to an exception to the hearsay rule. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

Finally, the petitioner argues that he is entitled to habeas corpus because evidence introduced at his trial was seized on the basis of an invalid warrant. This contention too is without merit. Federal habeas corpus is not available for the assertion of the right established by Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Flores v. Beto, 5 Cir., 1967, 374 F.2d 225.

The judgment is affirmed.