**Carlos MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40378.

Court of Criminal Appeals of Texas.

May 31, 1967.

See also Tex.Cr.App., 416 S.W.2d 403.

J. Ray Martin, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for robbery by firearms; the punishment, twenty-five years.

The record reflects that after a jury was duly selected and empaneled in the cause, appellant entered a plea of not guilty to the indictment.

Notice was given by the state, in writing, that it would not seek the death penalty.

Evidence was then introduced showing appellant's guilt of the offense charged.

After the state rested its case-in-chief and appellant's motion for an instructed verdict was by the court overruled, appellant made it known to the court that he desired to change his plea in the cause to that of "guilty." A plea of guilty was then entered by appellant and, with the consent and approval of the state's attorney and the trial judge, he waived a trial by jury in the case.

The jury was thereupon discharged, and the court rendered judgment based upon the evidence adduced before the jury, finding appellant guilty and assessing his punishment at confinement in the Department of Correction for twenty-five years.

One ground of error is urged by appellant in his brief filed in the trial court.

As we understand appellant's contention, it is that the court erred in fixing his punishment in excess of the minimum of five years because he was not afforded a separate hearing on the question of punishment, as provided by Art. 37.07, subd. 2 of the Code of Criminal Procedure.

It is appellant's contention that in the absence of a separate hearing, under Art. 37.07, subd. 2, supra, on the issue of punishment, and presentation of evidence by the state as to his prior criminal record and his general reputation and character, the court was unauthorized to assess his punishment at any term in excess of the minimum provided by statute.

Appellant apparently overlooks the fact that Art. 37.07, subd. 2, supra, providing for the alternate procedure in determining guilt or innocence and punishment, only applies where the plea is "not guilty" before a jury. Rojas v. State, 404 S.W.2d 30. Under the record, the provisions of Art. 37.07, subd. 2 were not applicable. We observe, however, that in cases where Art. 37.07, subd. 2, supra, is applicable it is not mandatory under the terms of the statute that the state offer evidence at the separate hearing on punishment.

When the state made it known that the death penalty would not be sought in the case, the learned trial judge properly permitted appellant to enter a plea of guilty and waive a trial by jury, as provided by Arts. 1.13 and 1.14 of the Code. It is undisputed that the evidence adduced was sufficient to support the court's judgment finding appellant guilty.

The judgment is affirmed.