Rex Reginald **DENHAM**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 41228.**

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied June 19, 1968.

---

Grady Hight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary with intent to commit theft; the punishment, assessed by the jury, ten (10) years confinement in the Texas Department of Corrections.

Though tried separately, this is a companion case to Corbin v. State, Tex.Cr. App., 426 S.W.2d 238 (March 27, 1968).

The record reflects without dispute that a building occupied by the Big State Mercantile Company in the City of Fort Worth was broken into, a safe opened and certain checks and cash (including $28.24 in coins) in the amount of $808.84 taken.

At approximately 2 a. m. on October 17, 1966, City Police Officer Pappas had his suspicions aroused when he observed the appellant near a coin-operated newsstand rack. As he approached the appellant got into a nearby automobile driven by Jimmy Ray Corbin and they immediately drove off. Pappas followed and having determined that Corbin was speeding and having called for assistance, stopped the vehicle in which appellant was a passenger. As he approached the automobile, Pappas observed in open view a number of tools including a sledgehammer, crowbar, chisel, pliers, screwdrivers, a punch and a flashlight on the back floorboard of the car. He further noticed that Corbin was hot and sweaty and had a chalky substance on his clothes. Upon discovering that Corbin had no driver's license, Pappas had him get out of the vehicle, and when he did the officer noticed a bulge in his front pockets. Searching him for what he assumed was a weapon, Pappas found several rolls of coins and a large amount of change. About this time assistance in the form of Officer W. K. Moore arrived. Shortly thereafter Corbin jumped from the patrol car where he had been seated saying, "To hell with this" and started running. Officer Pappas pursued, firing several shots, and apprehended him after a chase. After being returned to the scene appellant, who had remained seated in the car and detained by Officer Moore during the above-described events, and Corbin were taken to the city jail. The jailer noticed that appellant appeared to be sweating profusely, and one of the officers observed that the appellant had a small cut on his left hand and blood on his ring. A search at the jail of appellant's person revealed $781 in bills, four checks made payable to the Big State Mercantile Company (later identified as having been in the company's safe). A search of Corbin at the jail revealed a small piece of metal which subsequently proved to have been a piece of a lock which was broken in the burglary of the Big State Mercantile Company.

The State also introduced into evidence the Suspicious Persons Ordinance of the City of Fort Worth enacted originally pursuant to the provisions of Article 214, Vernon's Ann.C.C.P., 1925, which became Article 14.03 without change in 1965.

In his first ground of error, appellant contends that the trial court erred in failing to grant his motion to suppress and in subsequently admitting into evidence before the jury, over his objection, the fruits of the search of appellant and his companion Corbin.

■ We deem the circumstances described above, including appellant's actions at or near the coin-operated newsstand and his immediate departure upon the approach of the officer, were such as to authorize appellant's arrest under the Suspicious Persons Ordinance without a warrant. See Roach v. State, Tex.Cr.App., 398 S.W.2d 560; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826.

■ Under the record appellant's arrest without a warrant being lawful, the incidental search of appellant's person was clearly authorized. Chambler v. State, supra.

The arrest of the appellant being valid distinguishes this case from United States

v. DiRe, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210, relied upon by the appellant.

■ We need not, however, rely solely upon the Suspicious Persons Ordinance. There can be no question but what the original arrest for speeding was authorized under Article 6701d, Sec. 153, Vernon's Ann.Civ.St., and as we said recently in Taylor v. State, Tex.Cr.App., 421 S.W.2d 403:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S.App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F. Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F.Supp. 958. Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. Brown v. United Sttaes, 125 U.S.App.D.C. 43, 365 F.2d 976; United States v. One [1963] Cadillac Hardtop, D.C., 224 F.Supp. 210. This is true even if no specific statement of fact of the second arrest is made. Brown v. United States, supra."

Appellant's ground of error #1 is overruled.

The record reflects that at the penalty stage of the proceedings, the court admitted into evidence, over the objection that proper notice had not been given that such evidence would be used, the duly authenticated records of the Texas Department of Corrections showing that appellant had one prior felony conviction in Tarrant County. Appellant contends that such action of the trial court was in violation of Article 3731a, V.A.C.S. and such alleged error is the basis of his next ground of error.

Section 3 of Article 3731a, supra, provides:

"Such writing shall be admissible only if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

Prior to the adoption of the 1965 Code of Criminal Procedure, this Court held that where the indictment alleged prior convictions either for enhancement or for jurisdictional purposes the accused could not plead surprise under Sec. 3 of Article 3731a, supra, because the indictment placed him on notice that it would be necessary for the State to establish a prior conviction or convictions alleged. See Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154; McCown v. State, 170 Tex.Cr.R. 142, 338 S.W.2d 732; Turley v. State, 168 Tex.Cr.R. 363, 327 S.W.2d 580. See also Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654.

One of the innovations contained in the 1965 Code of Criminal Procedure was the provisions of Article 37.07, V.A.C.C.P., relating to bifurcated trials. Section 2(b) thereof, in effect at the time of appellant's trial,[1] provided in part as follows:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior

---

1. Now see Article 37.07, Sec. 3, V.A.C.C.P., 1967, effective August 28, 1967.

criminal record of the defendant, his general reputation and his character."

After the effective date of the said 1965 Code, when a question similar to that now raised by appellant was passed on in Trussell v. State, 414 S.W.2d 466, this Court simply said:

"The prison records including copies of the judgments, sentences, fingerprints and photographs, were admissible though not filed among the papers and no copies were furnished appellant or his counsel. Roberts v. State, Tex.Cr.App. 400 S.W.2d 903."

It is true that the indictment in Trussell did not allege prior convictions while the indictment in the cited case of Roberts did, and that the latter case was tried under the former Code and that Trussell was convicted under the 1965 Code. It is for this reason that appellant claims that Trussell cannot be used as authority for overruling his ground of error.

 Be that as it may, in the case at bar it appears that appellant's court appointed counsel was informed orally by the State's attorney approximately 20 days prior to the offer of such instruments that the appellant had one prior felony conviction. At the time of the offer of the prison records the appellant in no way denied the correctness and the truthfulness of the instruments in question, but he objected solely on the grounds that the State had not by their "pleadings" put him on notice that the same would be used. After due inquiry into the matter the trial judge stated that he was convinced that the appellant was not unfairly surprised "by the appearance of this matter."

Article 37.07, supra, puts every accused on notice that the State is entitled to show his prior criminal record, if any. Such statute does not limit or restrict in any way the method of showing such prior criminal record. One of the customary means of doing so, which has long been approved by this Court, has been by the use of certified copies of the prison records. Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Jackson v. State, Tex.Cr.App., 402 S.W.2d 742; Broussard v. State, Tex.Cr. App., 363 S.W.2d 143.

Therefore, when the trial judge, as in the case at bar, finds after an inquiry into the matter that the appellant was not unfairly surprised, then we perceive no violation of Section 3 of Article 3731a, supra. Appellant's second ground of error is overruled.

 Appellant's remaining grounds of error relate to jury argument. Appellant's formal bills of exception as qualified by the court, to which qualifications the record reflects no exception was taken, shows no reversible error.

The judgment is affirmed.