**Don Eldon SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42030.**

Court of Criminal Appeals of Texas.

April 23, 1969.

Max Blankenship, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary with a prior conviction for burglary alleged for enhancement; the punishment, twelve years.

The appellant's first ground of error is that the trial court failed to charge the jury on the voluntariness of his written statement made in Waco and on the exculpatory statements in another written statement made by him in Dallas.

Appellant's written objections to the charge states:

"The charge of the court fails to charge all of the law applicable to and required by the facts adduced in evidence on trial and is therefore prejudi-

cial to the rights of this defendant to a fair and impartial trial as guaranteed this said defendant by the United States of America Constitution in the 5th, 6th, and 14th amendments thereto."

This objection does not comply with the requirements of Art. 36.14, Vernon's Ann.C.C.P., that the objection be "in writing, distinctly specifying each ground of objection." The ground of error cannot be appraised.

The appellant further contends that the court's failure to charge the jury on the voluntariness of his written statement made in Waco was fundamental error and can be reviewed without objection. This contention is overruled.

However, the trial court at the conclusion of a hearing in the absence of the jury on the voluntary character of appellant's written statement made in Waco found that it was voluntarily made, and later made and filed his written findings and conclusions that the written statement was freely and voluntarily made. Further, the evidence on the main trial failed to raise any issue that the written statement was involuntarily made.

The failure of the court to charge on the exculpatory statement made by the appellant in Dallas was not error for the reason that it was introduced in evidence by him. 23 Tex.Jur.2d 165, Sec. 116.

Appellant urges as error the admission in evidence during the hearing on the issue of punishment certified copies of the indictments, judgments, and sentences in three prior convictions, one of which had been alleged in the indictment for enhancement purposes. The appellant, in support of his position, contends that he was unduly surprised, and that these instruments were hearsay and were admitted in evidence without a showing that he or his counsel had been furnished copies of the same prior to the time of trial as required by Sec. 3 of Art. 3731a, V.A.C.S.

The allegation of the prior conviction of burglary in the indictment for enhance-

ment put the appellant on notice that it would be necessary for the state to introduce evidence to support it. McCown v. State, 170 Tex.Cr.R. 142, 338 S.W.2d 732.

The records of the two prior convictions admitted in evidence as part of appellant's criminal record reveal that they were had on the same date in the same court on pleas of guilty for burglary with punishment assessed at three years in each case and credit for time in each case was to begin on the same date as in the prior conviction alleged for enhancement.

In Denham v. State, Tex.Cr.App., 428 S.W.2d 814, this Court said:

"Article 37.07, (V.A.C.C.P.) supra, puts every accused on notice that the State is entitled to show his prior criminal record, if any. Such statute does not limit or restrict in any way the method of showing such prior criminal record. One of the customary means of doing so, which has long been approved by this Court, has been by the use of certified copies of the prison records. Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Jackson v. State, Tex.Cr.App., 402 S.W. 2d 742; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143.

"Therefore, when the trial judge, as in the case at bar, finds after an inquiry into the matter that the appellant was not unfairly surprised, then we perceive no violation of Section 3 of Article 3731a, supra."

See also: Johnson v. State, Tex.Cr. App., 432 S.W.2d 98.

In light of the facts and circumstances surrounding the trials at which the three prior convictions were had and the provisions of Art. 37.07, supra, it is concluded that the appellant was not unfairly surprised by the introduction of the two prior convictions as a part of his criminal record. The ground of error is overruled.

The judgment is affirmed.