**Ronald Jim REDD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42380.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Rehearing Denied April 22, 1970.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, twenty-five years.

■ Appellant's first ground of error relates to the introduction of the evidence, at the punishment stage of the trial, of prior convictions showing his prior criminal record as authorized by Section 3(a) of Article 37.07, V.A.C.C.P., as amended. His contention is that Article 3731a, V.A.C.S., was not complied with in that he was not given notice in advance of the trial that his prior convictions would be introduced, nor were copies of the same furnished appellant a reasonable time before the trial.

Prior to and since the 1965 revision of the Code, this Court has had several oc-casions to write on this question. Our opinion in Denham v. State, 428 S.W.2d 814, disposes of this contention. Spencer v. State, 164 Tex.Cr.R. 464, 300 S.W.2d 950, relied upon by appellant was involved in the prior convictions alleged in the indictment and was before the enactment of Article 37.07, Vernon's Ann.C.C.P.

■ Appellant secondly contends that an exchange between the court and defense counsel constituted a discussion by the court on the weight of the evidence and a comment on the defendant's failure to testify. Such contention appears to be far-fetched. It appears that the court had held a hearing on the admissibility of certain evidence in the absence of the jury and upon the return of the jury gave these instructions to counsel " * * * and I am instructing the State not to admit (sic) those things that I said shouldn't be admitted and if the defendant, of course wants to admit them, in fact, part of the things admitted, you have the right to come back and offer the rest if you care to."

From the above, we can perceive no assistance to the State and no injury to appellant and hence no reversible error.

Appellant further maintains that the court commented on the weight of the evidence in his ruling. Appellant's brother had testified in the absence of the jury that for three days after the date alleged he had visited appellant in the hospital. In the presence of the jury, he was asked by the defense if he had tried to talk to appellant during the first three days of his confinement. The court sustained an objection and stated in part that to permit the witness to answer might be a conclusion. The court then stated that "those self serving declarations were objected to on that grounds and they should be and would be and I sustained it on that basis." This was followed by an objection and the court then said: "I haven't commented on the evidence; I said that the State objected to them being self serving and I

sustain it on that grounds." It appears that the court explained away any error he may have made, and no injury has been shown.

■ The next contention is that the Court refused to permit the witness to testify that appellant did not look like he knew what he was doing at the time of the affray.

In Volume II of McCormick and Ray, Texas Evidence, Section 1428 (Second Edition, 1956) we find the following:

"It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based upon conjecture."

The Court was careful to inform counsel that he might question his witnesses as to appellant's "eyes, his nose, his mouth, his head, and whether * * * what he was doing, and let the jury determine whether or not he was dazed."

It appears that the court was closely adhering to the rule set forth above and no error is shown.

■ Next, appellant asserts that the court erred in refusing to charge on the law of circumstantial evidence. Such a charge is not required where the accused is seen with a gun in his hand, it is heard to discharge, and the injured party sustains a bullet wound.

■ His next ground of error states that the court erred in failing to charge on a simple and aggravated assault. It is well established that such charges are not required where it is clear that the greater offense had been committed. Barton and Dutton v. State, 162 Tex.Cr.R. 75, 282 S.W.2d 237; Butler v. State, 160 Tex.Cr.R. 492, 272 S.W.2d 125.

He next asserts that the evidence is insufficient to show that appellant had the specific intent to kill with malice when he fired the pistol at the injured party. In

Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583, we said the following:

"To say that even though an accused pointed a deadly weapon directly at the injured party and fired the same, but that in doing so he did not intend to kill, would be bordering on an absurdity."

See also Dominguez v. State, Tex.Cr.App., 445 S.W.2d 729 (October 22, 1969).

■ Appellant's next contention is that the evidence is insufficient to show that the shooting was done with malice. Proof that appellant voluntarily aimed his pistol at the injured party and fired the same is sufficient to show malice under the holdings of this Court in Griffith v. State, 430 S.W.2d 197; Gonzales v. State, 426 S.W.2d 859; Boatright v. State, 169 Tex.Cr.R. 280, 343 S.W.2d 707; Stewart v. State, 168 Tex.Cr.R. 166, 324 S.W.2d 228. See also 4 Branch's Ann.P.C.2d, Article 1256, Section 2189.

Appellant's next ground of error concludes that the court erred in failing to define the terms "intentionally" and "voluntary" in his charge. We find no objection to the charge and nothing is presented for review.

Appellant next contends that the State went outside the record in stating to the jury that appellant had subpoenaed certain hospital records (the contents of which are not shown). Upon objection, the court sustained appellant's objection as to the statement. We are at a loss to ascertain how appellant could have been injured by this and nothing more. In Scitern v. State, 87 Tex.Cr.R. 112, 219 S.W. 833, upon which appellant relies, the court held that the "fact asked for by such question so objected to was the truth and that counsel for appellant knew it and did not want the truth to come out." This is a far cry from the question here presented. We find no reversible error.

Appellant objected to the prosecutor bringing into the courtroom certain exhibits for the purpose of identification. The

court deferred action on the objection until the exhibits were submitted to appellant's counsel for examination. At this point the court retired the jury.

■ The appellant contends that the court erred in permitting the introduction of certain fingerprint cards, which were certified by the Texas Department of Corrections. No further predicate is required since the enactment of Article 3731a, V.A.C.S., as interpreted by this Court in Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182; Mullican v. State, 167 Tex.Cr.R. 563, 322 S.W.2d 284. The cases relied upon by appellant antedated the enactment of the above article.

■ Appellant complains of the introduction, at the hearing on punishment, of the records of prior convictions. These were clearly admissible under the terms of Article 3731a, V.A.C.S., and Article 37.07, Section 3(a), V.A.C.C.P. The fact that the indictments in some of the prior convictions contained enhancement paragraphs would not render them inadmissible under the statute.

Finding no reversible error, the judgment is affirmed.

ONION, J., and WOODLEY, P. J., concur in the result.

## ON MOTION FOR REHEARING

BELCHER, Judge.

The appellant re-urges his ground of error number one: That he did not have notice of the certified exhibits introduced by the state during the hearing on punishment as required by Sec. 3 of Art. 3731a, Vernon's Ann.Civ.St.

The state's attorney testified that he orally informed appellant's counsel at a previous setting of this case on September 25, 1967, that he had the packets of the appellant's prior convictions in his files, including an assault to murder conviction in Bowie County. On October 30, 1967, state's counsel again advised appellant's counsel that he had all the packets of the prior convictions of the appellant; that he opened and exhibited the files and turned through them; and that appellant's counsel never asked to see them or gave any indication that he was desirous of looking at said records.

Appellant's counsel testified that the instruments in question had never been exhibited or offered to him; that he had seen them when state's counsel opened his file and turned through them, and he had no idea what the instruments contained until they were offered in evidence; that state's counsel exhibited a packet of papers to him and said that they were some of appellant's other convictions.

The appellant's counsel was appointed on May 22, 1967, and there were two settings passed for appellant before the one on September 25. Trial was had beginning on October 21, 1967.

■ Art. 37.07, Vernon's Ann.C.C.P., puts every accused on notice that the state may show his prior criminal record, if any. Such statute does not limit or restrict in any way the method of showing such prior criminal record. The records of prior convictions not alleged for enhancement are not automatically admissible under the provisions of Art. 3731a, supra. Ordinarily, the method of doing so has been the use of certified copies of the prison records together with the comparison of a known print of the accused by a qualified fingerprint examiner. In order for the record evidence to be admissible, the offeror must meet the requirements of Section 3 of Article 3731a, supra, unless in the opinion of the trial court the accused was not unduly surprised when the state introduced the certified copies of the prior convictions. Denham v. State, Tex. Cr.App., 428 S.W.2d 814; Smith v. State, Tex.Cr.App., 439 S.W.2d 834.

The trial court held a separate and extended hearing on the outside of the pres-

ence of the jury relating to the admissibility of the certified exhibits offered in evidence by the state to show the prior criminal record of the appellant. The examination of the fifty-page hearing reveals that counsel for appellant was acquainted with and had personal knowledge of much of the contents of the written instruments making up the exhibits. He pointed out to the trial court many claimed defects in the instruments contained in the exhibits and urged his objections thereto.

At the close of the hearing, the trial court resolved the issues raised as to the admissibility of the records when he announced that he was ruling that the exhibits were admissible in evidence. This ruling, from the record as a whole, appears to be a sufficient determination by the trial court that the appellant was not unduly surprised when the state introduced the certified copies of the prior conviction.

Ground of error number one does not present reversible error.

The appellant contends that this Court erred in not reversing this conviction for the reasons urged in his grounds of error number five, failure to charge on circumstantial evidence; numbers six and seven, failure to charge on aggravated and simple assault; and numbers eight and nine, the insufficiency of the evidence to show specific intent to kill and to show malice.

The evidence reflects that the assaulted party and his wife, and his brother, Elzie Watkins and his wife, entered a tavern, and took seats in a booth about twelve or fifteen feet from the front door, with the assaulted party and his wife sitting with their backs to the door while Elzie and his wife were sitting facing the door.

Elzie Watkins testified in part as follows:

"Q  All right, I will ask you if you saw him (appellant) when he came in the door?

"A  I saw him walk in the door.

"Q  All right, after you saw him walk in the door what did you hear or see next?

"A  I heard the gunshot first.

"Q  All right, and after you heard a gunshot what did you see, if anything?

"A  I saw him standing in the doorway with a gun in his hand.

"Q  All right, after you saw this man in the doorway with a gun in his hand I will ask you if you saw anything unusual about the booth your brother was sitting in?

"A  I saw cotton fly—when the gun went off I saw cotton fly out of the booth.

"Q  I will ask you if your brother said or did anything after you saw the cotton fly in the booth he was sitting in?

"A  He said, 'Oh, I am shot.'

"Q  And what did he do then, if anything?

"A  He slumped over against his wife.

"Q  And then I will ask you if the man with the gun in his hand did anything?

"A  He come and stuck the gun in my face.

"Q  All right. Will you show us where he stuck the gun?

"A  Up between my eyes (indicating).

"Q  All right. Just up sort of between your eyes, then?

"A  Yes.

"Q  I will ask you whether or not he said anything to you?

"A  He said, 'You are next.'

"Q  Did he say anything else to you when he said that?

"A  He said, 'You are next, m————————
————————.' "

■  The further testimony of Elzie Watkins reveals that while the gun was pointed at his face he grabbed the appellant's wrist or hand, pushed him back against the door, and fell with and on top of the appellant to the floor where he (Elzie) was shot in the back of the head. Elzie then took the gun away from the appellant, and the appellant left the room.

On cross-examination Elzie Watkins testified as follows:

"A  He (appellant) just walked in and shot like, right toward my brother's back.

"Q  Did he—that is what I am asking, did he seem to aim it?

"A  He aimed it.

"Q  Where were you?  How far were you from the defendant at this time?

"A  I was 12 to 15 feet."

The testimony is sufficient to warrant the conclusion that the above grounds of error do not call for a reversal.

The tenth ground of error will be considered for it has now been determined that appellant did timely and properly reserve his exception to the court's failure to define the terms "intentionally" and "voluntarily" in his charge to the jury.

■  It is concluded that such definitions were not necessary, same being words of commonly accepted meaning and readily understandable. 4 Branch 2d 659, Sec. 2307; Joubert v. State, 136 Tex.Cr.R. 219, 124 S.W.2d 368; Cave v. State, 161 Tex.Cr.R. 107, 274 S.W.2d 839.

■  The twelfth ground of error which was not considered on original submission is re-urged: In it appellant contends that the trial court committed error in refusing his request to retire the jury prior to the offer by the state of some 36 exhibits in their presence, six of which were later not admitted into evidence.

To support his position the appellant reasons in his brief that: "this request was refused and the State offered some 36 separate numbered exhibits; the jury was retired and Appellant made lengthy objections; six exhibits were not admitted; the jury was returned and allowed to receive some 30 exhibits without any knowledge of the contents of the six not admitted; the jury returned a maximum verdict."

No objections were made to the admission of any of the exhibits in the presence of the jury.  In the absence of any showing that the jury at any time knew how many exhibits were originally offered or knew the nature of the matter contained in the six not admitted, no error is perceived. The twelfth ground of error is overruled.

The complaint as to the admission in evidence of the fingerprint cards is overruled for the reasons shown by the disposition of ground of error number one.

■  The contention that his fingerprints were illegally taken during the trial and used at the penalty stage to prove prior convictions does not reveal error.  McKenzie v. State, Tex.Cr.App., 450 S.W.2d 67.

Grounds of error numbers two, three, and four pertaining to comments of the trial court and the refusal of testimony about appellant's appearance after the shooting which were reviewed in the original opinion have been reconsidered in the light of the motion for rehearing and it is concluded that they do not present error.

Appellant's motion for rehearing is overruled.