Gary Lee HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42391.

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Rehearing Denied March 11, 1970.

See also Tex.Cr.App., 453 S.W.2d 153, 154.

Two witnesses positively identified appellant as the perpetrator of the robbery, and we overrule his contention that the evidence is insufficient to support the conviction.

■ We further overrule his contention that his constitutional rights were violated when he was taken to the sheriff's office and his fingerprints were taken following a lawful arrest.

■ His next ground of error is that the court committed fundamental error in permitting the state to prove at the punishment hearing that appellant had been convicted in cases other than those alleged for enhancement. We adhere to our holding in Smith v. State, Tex.Cr.App., 439 S.W.2d 834, which is contrary to appellant's contention.

■ He next contends that the pistol, which was in open view on a table twelve to eighteen inches from appellant's head, where he was asleep as the officers entered the room in response to a male voice which said "come in" when they knocked, was inadmissible. This did not constitute a search and even if it had been, the pistol would have been admissible under the holding in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

■ The arresting officers had seen a warrant for appellant's arrest on their superior's desk prior to the arrest though they did not have the warrant with them. They informed appellant that they were arresting him for robbery. This is a substantial compliance with the terms of Article 15.26, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., and ONION, J., concur in the result.

Pat McDowell, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault with a prior non-capital conviction alleged for enhancement under Article 62, Vernon's Ann.P.C.; the punishment, life.

■ Appellant's first ground of error is that the evidence is insufficient to support the second paragraph in the indictment which alleged a 1963 conviction for burglary. When the indictment, judgment, and sentence were introduced, no objection was interposed. No issue was made in the trial court as to appellant being the same Gary Lee Howard who had been convicted in said cause.

His first ground of error is overruled.

■ As in Denham v. State, Tex.Cr.App., 428 S.W.2d 814, we again overrule appellant's contention that copies of such instruments should have been served upon him in advance of trial by virtue of the terms of Article 3731a, Section 3, Vernon's Ann.Civ.St.

ONION, Judge (concurring).

I concur in the result reached by Judge Morrison's opinion, but feel compelled to clarify my position.

Initially, appellant claims the State failed to prove he was previously convicted as alleged in the indictment. The State offered the authenticated prison records of the appellant from the Texas Department of Corrections including certified copies of the judgment and sentence, as well as a photograph and a set of fingerprints. A certified copy of the indictment was also introduced and a fingerprint expert testified the fingerprints included in the prison records were the same as ones recently taken from appellant. This method of proof has been consistently upheld by this Court. Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Broussard v. State, Tex.Cr. App., 363 S.W.2d 143; 1 Branch's Ann.P. C., 2nd ed., p. 684, Sec. 699.

I am fearful that the majority opinion leaves the impression that where no objection is interposed the State has sustained its burden of proof as to the prior conviction alleged by merely offering the indictment, judgment and sentence. This is not the law. Proof must be offered to show the accused is the same person so previously convicted.

In his second ground of error, appellant complains of the use of certified copies of prison records concerning a number of prior convictions in an effort to prove his "prior criminal record." See Article 37.07, V.A.C.C.P.

The majority appears to misinterpret Denham v. State, Tex.Cr.App., 428 S.W.2d 814. That decision does not stand for the proposition that such certified copies need not be served upon the appellant when they are offered in evidence under the provisions of Article 3731a, V.A.C.S.

Article 37.07, supra, puts every accused on notice that the State is entitled to show his "prior criminal record," if any. The statute, though it is not mandatory that the State offer evidence at the separate hearing on punishment, Morales v. State, Tex. Cr.App., 416 S.W.2d 436; Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732, does not, however, put the accused on notice of what method the State will use in showing such "prior criminal record." When the method of using certified copies of the prison record is utilized to prove such prior criminal record and the prior convictions are not alleged in the indictment for enhancement, then Article 3731a, Sec. 3, V.A.C.S., should be complied with. Such statute requires service of a copy of such instruments upon the accused a reasonable time before trial. Otherwise, such instruments are not admissible unless in the opinion of the trial court the accused has not been unfairly surprised by the failure to deliver such copies.

In Denham the careful trial court inquired into the matter and determined the defendant had not been unfairly surprised. Such was a careful compliance with Section 3 of Article 3731a, supra.

In the case at bar certified copies of the instruments were handed to appellant's counsel, who examined them, and then expressly stated to the court he had no objection. Appellant is now in no position to complain on appeal of a violation of said Article 3731a.

As to the instruments relating alone to the prior conviction alleged for enhancement the indictment gave him sufficient notice. McCown v. State, 170 Tex.Cr.R. 142, 338 S.W.2d 732, cert. den. 368 U.S. 856, 82 S.Ct. 96, 7 L.Ed.2d 54; Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154, 156.

Having clarified these matters, I concur.