**Willie R. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43521.**

Court of Criminal Appeals of Texas.

March 31, 1971.

**186**

Lucas & Hudson by Thomas E. Lucas, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

■ At the outset appellant contends there is a fatal variance between that portion of the indictment alleging the primary offense and the proof offered. He urges that the proof fails to reflect that any property was taken or removed from the alleged burglarized building.

The record reflects that near midnight on July 27, 1967, Houston Police Officers, answering a burglar alarm, discovered the appellant and another man inside a warehouse at 2010 Canal Street. Several vacuum cleaners had been moved from their accustomed place. Entry had been obtained by the ripping back of corrugated steel on the east side of the building. It was shown that the hole thus made was not there when the building was secured at the close of the previous working day. The "owner" related he had not given the appellant or his companion or anyone else permission to break and enter the warehouse.

It is well established that the offense of burglary with intent to commit theft is complete when the "breaking" and "entry" into the "house" is with the requisite intent, regardless of whether property is eventually stolen or not. Further, it is well settled that breaking and entering at night raises the presumption of intent to commit theft or to steal. See Gibson v. State, Tex.Cr.App., 434 S.W.2d 851; Briones v. State, Tex.Cr.App., 363 S.W.2d 466.

Appellant's first contention is wholly without merit.

■ Next, appellant urges the court erred at the penalty stage of the trial in admitting authenticated copies of the prison records relating to one of the prior convictions alleged for enhancement claiming the exhibit offered, over objection, was invalid on its face since it did not reflect that appellant was represented by counsel at the time of the prior conviction. Appellant acknowledges that the certified copy of the 1956 judgment included within such exhibit states that he was represented by counsel, but he contends the failure of the judgment to specifically name the attorney renders the record silent as to counsel. We do not agree, although it would be a desirable practice to include the name of counsel on the face of the judgment and sentence. We further note that appellant

makes no claim that at the time of such prior conviction he was indigent, without counsel and did not waive the same. See Martin v. State, Tex.Cr.App., 463 S.W.2d 449; Walling v. State, Tex.Cr.App., 437 S.W.2d 563; Johnson v. State, Tex.Cr. App., 432 S.W.2d 98. Cf. Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826; Gutierrez v. State, 456 S.W.2d 84; Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605.

Appellant also contends the prior convictions alleged cannot be used for enhancement since the State did not comply with Article 37.07, Vernon's Ann.C.C.P. and Article 3731a, Sec. 3, Vernon's Ann.Civ.St.

At the commencement of the penalty stage of the trial the State abandoned one of the three prior non-capital felony convictions alleged for enhancement. The State then offered the authenticated copies of the prison records relating to the two remaining convictions alleged for enhancement marked State's Exhibits #1 and #2. Thereafter before the exhibits were shown to the jury the appellant objected that attached to State's Exhibit #1 were the authenticated copies of prison records of appellant's prior conviction for assault with intent to rape which had never been alleged in the indictment. Appellant's objection was sustained and the record of such latter conviction was deleted from State's Exhibit #1 before such exhibit was permitted to go to the jury. No further relief was requested.

■ The court need not have sustained the objection. In proving the "prior criminal record" of an accused under the provisions of Article 37.07, V.A.C.C.P. the State is not limited to prior convictions alleged in the indictment for enhancement, if any. Any prior conviction relevant under such statute is admissible. Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694; Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826.

Still further, it is observed that when the appellant testified at the guilt stage of the trial he admitted his prior felony convictions including the one for assault with intent to rape.

■ Appellant made no objection to the State's use of certified copies of the prior convictions without giving the notice required by Article 3731a, Sec. 3, supra. If no such notice was given we cannot conclude that the appellant was so unduly surprised as to reflect error. Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Smith v. State, Tex.Cr.App., 439 S.W.2d 834. See also Redd v. State, Tex.Cr.App., 452 S.W.2d 919; Howard v. State, Tex. Cr.App., 453 S.W.2d 150.

We find no violation of Article 37.07, supra, or Article 3731a, Sec. 3, supra.

■ Lastly, appellant complains on appeal for the first time he was denied a speedy trial in violation of his state and federal constitutional rights.

The appellant was arrested on July 27, 1967, indicted on March 26, 1968, and brought to trial on March 2, 1970.

The reason for the long delay is not altogether clear from the record. The docket sheet does reflect the following:

"September 16, 1968: Court grants motion of defendant for withdrawal of Sam Burns as appointed counsel. Court appoints A. J. Novelli as Defendant's new attorney. Case passed.

"June 2, 1969: Reset to September 24, 1969.

\* \* \* \* \* \*

"March 2, 1970: Motions for discovery and motion to dismiss appointed counsel overruled \* \* \*."

No request for a speedy trial appears in the record, nor did the appellant move to set aside the indictment for the failure to accord him a speedy trial. See Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59. Thus no error is presented. Gordon v. State,

Tex.Cr.App., 461 S.W.2d 415; Jackson v. State, Tex.Cr.App., 454 S.W.2d 733; Johnson v. State, Tex.Cr.App., 453 S.W.2d 828; Ex parte Jones, supra.

The judgment is affirmed.